James K. Vucinovich, OSB No. 030373
Email: jvucinovich@rvflegal.com
Rossi Vucinovich PC
1000 Second Avenue, Suite 1420
Seattle, WA  98104
Phone: (425) 646-8003
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| FRANK ELSWICK,<br><br>          Plaintiff,<br><br>    v.<br><br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>          Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>**Federal Employers' Liability Act – Negligence**<br><br>**General Negligence**<br><br>JURY TRIAL DEMANDED |

Plaintiff Frank Elswick ("Plaintiff"), by and through his undersigned counsel, and for his cause of action against Defendant BNSF Railway Company, a Delaware corporation (hereinafter "Defendant"), states and alleges for his cause of action as follows:

## **PARTIES**

1.	At all material times, Plaintiff was and is a resident of the State of Oregon, County of Klamath, and employed by Defendant in the State of Oregon, County of Klamath.

Complaint for Damages	1

2.      At all material times, Defendant was and is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas, authorized to and doing business in the State of Oregon.

## JURISDICTION AND VENUE

3.      At all material times, Defendant was and is in the business of operating a system of railroad tracks and facilities in the States of Oregon and California, and that said system includes lines of track and facilities within the district where this action is filed.

4.      At all material times, Defendant was an interstate carrier by rail and was engaged in interstate transportation and commerce in the States of California, Oregon, and other states; that Plaintiff was employed by Defendant as a maintenance of way employee, and as such was working and engaged in interstate transportation and commerce at the times hereinafter set forth, and at such times was working in the furtherance of Defendant's interstate commerce, and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant as a railroad common carrier for hire.

5.      This Court has original jurisdiction of this matter as Plaintiff's Complaint involves claims under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA"), and this matter is timely filed pursuant to 45 U.S.C. § 56.

6.       This action arises out of and is related to Defendant's contacts with the State of Oregon. As part of its activities within the State, Defendant employs, assigns, and directs Plaintiff's work activities, including specific instruction and direction assigning Plaintiff to the work which resulted in the injuries and damages complained of here. As such, this Court has personal jurisdiction over the parties to this action. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017).

Complaint for Damages                                    2

7.      Venue is proper in the District of Oregon, Medford Division, because Defendant does business within the District and Division, and because a substantial part of Defendant's activities, instructions, directions and omissions giving rise to the claim occurred in the District and Division. 45 U.S.C. § 56 and 28 U.S.C. § 117; *see also* LR 3-2.

## CAUSE OF ACTION - FELA NEGLIGENCE

8.      Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9.      That on July 24, 2021, Plaintiff was working as a maintenance of way employee and was assigned to work on a fire train that was dispatched to the Dixie Fire near Keddie, California.

10.     That at said time and place, the train upon which Plaintiff was working was engulfed in flames, thereby causing Plaintiff to suffer the injuries and damages set forth hereinbelow.

11.     The injuries and the resulting damages incurred as a result of the incident described herein were caused, in whole or in part, by the negligence of Defendant, its agents, employees and officers, and in violation of 45 U.S.C. §§ 51-60, et seq., including, but not limited to:

    a.    negligently failing to provide Plaintiff with a reasonably safe place in which to work as required by law;

    b.    negligently creating and/or permitting unreasonably dangerous and hazardous conditions to exist on its rail cars and in work areas where Plaintiff was required to work;

    c.    negligently failing to inspect, maintain, identify, and/or remedy unreasonably dangerous conditions which existed in the areas where Plaintiff was required to work;

    d.    negligently failing to adequately warn Plaintiff of unreasonably dangerous and hazardous conditions which existed in the area where he was required to work;

    e.    negligently failing to provide Plaintiff with adequate equipment, including fire-retardant personal protective equipment, for the performance of the duties to which he was assigned;

    f.    negligently failing to adequately plan, coordinate, and instruct its employees, including Plaintiff, in the performance of their duties; and,

Complaint for Damages                                3

g.      other acts of negligence.

12.      That due, in whole or in part, to Defendant's negligence under the FELA, Plaintiff sustained severe and permanent injuries including, but not limited to, his hand and severe mental, emotional and psychological injuries; and Plaintiff has suffered in the past and will continue to suffer pain and anguish and loss of enjoyment of life, and that he was otherwise injured and disabled.

13.      That in an effort to treat, heal, and relieve his injuries, Plaintiff has spent, and will continue to spend, monies for medical and related care and treatment in amounts to be proven at trial.

14.      That as a direct result, in whole or in part, of Defendant's negligence in violation of the FELA, Plaintiff has lost wages in the past, will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the above-named Defendant and prays for Relief as follow:

1. For general damages, including pain and suffering, disability, and loss of enjoyment of life, and other damages provided by law, both past and future, according to proof at trial;

2. All medical, surgical, healthcare, and out-of-pocket expenses, both past and future, according to proof at trial;

3. All loss of earnings and economic damages, and loss of earning capacity, and other economic damages, both past and future, according to proof at trial;

4. All costs of suit and interest from the date of judgment; and

5. Such other and further relief as the court deems just and proper.

Complaint for Damages                   4

Dated:  July 6, 2022

**ROSSI VUCINOVICH PC**

By: *s/ James K. Vucinovich*
James K. Vucinovich, OSB No. 030373
Email: jvucinovich@rvflegal.com
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff FRANK ELSWICK hereby demands trial by jury of the cause of action set forth

in this complaint and in this matter.

Dated:  July 6, 2022

**ROSSI VUCINOVICH PC**

By: *s/ James K. Vucinovich*
James K. Vucinovich, OSB No. 030373
Email: jvucinovich@rvflegal.com
Attorneys for Plaintiff
